IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DONALD JEFFRIES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDEX, *et al.*,<br><br>　　　　Defendants. | Case No. 23-cv-00358-DKW-KJM<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, (2) DIRECTING SERVICE OF THE COMPLAINT, AND (3) DENYING AS PREMATURE MOTION FOR APPOINTMENT OF COUNSEL**[1] |

On August 28, 2023, Plaintiff Donald Jeffries, proceeding without counsel, filed a Complaint alleging civil rights violations arising out of the termination of his employment by Defendants FedEx, Federal Express, and FDX. Dkt. Nos. 1, 7. Jeffries has also filed an application to proceed *in forma pauperis* ("IFP Application") and a motion for appointment of counsel ("motion"). Dkt. Nos. 2-3.

**I.      IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution,

---

[1] The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

*Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Jeffries has made the required showing under Section 1915(a). In the IFP Application, Jeffries states that he receives $200 per month in take-home pay. Dkt. No. 2 at 1. Jeffries further states that, in the past 12 months, he has received no other income, he has minus $425 in a checking or savings account, and he has no other assets. In light of these figures, Jeffries' income falls below the poverty threshold identified by the U.S. Department of Health and Human Services' ("HHS") 2023 Poverty Guidelines. *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines. In addition, Jeffries has insufficient assets to provide security for the $400 filing fee. As a result, the Court GRANTS the IFP Application, Dkt. No. 2.

## II.   Service[2]

To facilitate service, the Court ORDERS as follows:

---

[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At this initial stage of the proceedings, and without any responsive pleading from Defendants, the Court finds service of the Complaint to be appropriate.

1. For each of the Defendants,[3] the Clerk's Office is directed to send to Plaintiff: one copy of the Complaint, Dkt. No. 1; one summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) Waiver of Service of Summons forms (AO 399); an instruction sheet; and a copy of this Order. The Clerk shall also send a copy of this Order to the U.S. Marshal.

2. Should Jeffries choose to use the U.S. Marshal to serve the summons and Complaint, he shall complete the forms as directed and, for each of the Defendants, submit the following documents to the U.S. Marshal in Honolulu, Hawaii: a completed USM-285 form; a copy of the Complaint; the summons; a completed Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399).

3. Upon receipt of these documents from Plaintiff, the U.S. Marshal

---

[3]It is not perfectly clear whether, in naming FedEx, Federal Express, and FDX in the caption of the complaint, Dkt. No. 1 at 1, Jeffries intended to name three *distinct* entities or, instead, intended to name just one entity that happens to have at least three different known names, *see* Dkt. No. 7-1 at 1. For now, in order to be over-inclusive, the Court will assume the former. To the extent that is not the case, Jeffries need only have served the entity or entities he seeks to sue through this action. However, Jeffries should clarify the record going forward if he only seeks to bring this case against less than the three entities named in the complaint's caption.

shall mail to each Defendant: a copy of the Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs. *See* Fed.R.Civ.P. 4(c)(3).

4. The U.S. Marshal shall retain the summons and a copy of the Complaint. For each Defendant, the U.S. Marshal shall also file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

5. If a Defendant does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

   a. Personally serve such Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

   b. Within ten days after personal service is effected, file the return of service for such Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service. Said costs

shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons and the Complaint and for preparing new USM-285 forms, if required.   Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6. If Jeffries does not wish to use the U.S. Marshal for service, he may serve each of the Defendants on his own, in compliance with Fed.R.Civ.P. 4.

7. Jeffries is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

8. After service of the summons and Complaint, whether accomplished on his own or with the services of the U.S. Marshal, Jeffries must serve on Defendants or their attorneys a copy of all further documents he submits to the Court.   The U.S. Marshal is not responsible for serving these documents on Jeffries' behalf.   In addition, Jeffries

shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that a copy of the document was served on Defendants or their counsel, and the manner in which service was accomplished.  Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

9. Jeffries is further notified that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

### III. **Appointment of Counsel**

Jeffries also requests appointment of counsel, stating that his claim is meritorious, he has made a reasonably diligent effort to obtain counsel, and he is unable to find an attorney willing to represent him on terms that he can afford. Dkt. No. 3 at 1.

"The decision to appoint counsel is left to the sound discretion of the district court."  *Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 416 (9th Cir. 1994). Courts generally consider the following three factors in determining whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Id*. at 416-417.  A plaintiff has the burden of persuasion as to all three

factors, and an unfavorable finding as to any one factor may be fatal to the request. *See Williams v. 24 Hour Fitness USA, Inc.*, 2014 WL 7404604, at *2 (D. Haw. Dec. 30, 2014).

Here, at this initial stage of the proceedings, and without any responsive pleading from Defendants, the record is insufficient for the Court to gauge the substantive merit of the allegations of the Complaint for purposes of Jeffries' request for appointment of counsel. Therefore, the motion, Dkt. No.3, is DENIED AS PREMATURE.[4]

IT IS SO ORDERED.

Dated: August 29, 2023 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

[4] The Court also notes that, in the motion, although Jeffries states that he has contacted five attorneys or legal entities, Dkt. No. 3 at 4, he provides no information on the nature of the contact or the discussions with the individuals or entities listed.