IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DONALD JEFFRIES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDEX,<br><br>　　　　Defendant. | Case No. 23-cv-00358-DKW-KJM<br><br>**ORDER DENYING (1) MOTION FOR RECONSIDERATION, AND (2) MOTION FOR AN INDEPENDENT INVESTIGATOR** |

　　On May 23, 2024, the Court denied a motion for recusal of the undersigned because it was both "absurd" and "frivolous." Dkt. No. 81. Unhappy with that decision, Plaintiff Donald Jeffries, proceeding without counsel, now moves for reconsideration, as well as for the appointment of an "independent investigator" in this case. Dkt. Nos. 85-86. The Court addresses both motions below.[1]

　　First, pursuant to Local Rule 60.1, a motion for reconsideration of an interlocutory order, *i.e.*, a non-dispositive order, such as the May 23, 2024 Order, may be brought <u>only</u> upon the following three grounds: (1) discovery of new material facts not previously available; (2) an intervening change in the law; or (3) manifest error of law or fact.

---

[1] In doing so, the Court liberally construes the pro se motions. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, Jeffries identifies no new material facts, intervening change in the law, or manifest error of law or fact. Rather, he raises the same arguments presented in the motion for recusal. *See generally* Dkt. No. 85. That is not a basis for reconsideration. Further, so it is clear, the Court considered all of the arguments made in the motion for recusal, whether specifically mentioned in the May 23, 2024 Order or not, and none warrant recusal in this matter.[2] As a result, the motion for reconsideration, Dkt. No. 85, is DENIED.

Second, Jeffries moves for appointment of an independent investigator, seemingly to investigate "allegations of misconduct" against the assigned U.S. Magistrate Judge. Dkt. No. 86. Jeffries, however, cites no legal authority for such an appointment or investigation. Moreover, even if the same was authorized, this case would not be the one in which to exercise that authority because Jeffries' allegations of "misconduct" are baseless. As a result, the motion for an independent investigator, Dkt. No. 86, is DENIED.

IT IS SO ORDERED.

Dated: June 3, 2024 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

[2] This includes the January 5, 2024 hearing, at which the Court *granted* Jeffries leave to amend a complaint that had spread over multiple documents in violation of at least Federal Rules of Civil Procedure 8(a) and 15(a).