IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DONALD JEFFRIES, | ) | Civil No. 23-00358 DKW-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | DEFENDANT FEDERAL EXPRESS |
| | ) | CORPORATION'S MOTION FOR |
| FEDEX, | ) | ATTORNEY'S FEES |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY DEFENDANT
FEDERAL EXPRESS CORPORATION'S MOTION FOR ATTORNEY'S FEES

On August 28, 2023, Plaintiff Donald Jeffries ("Plaintiff") filed an Employment Discrimination Complaint ("Complaint"). ECF No. 1. On January 25, 2024, Plaintiff filed a Second Amended Complaint. ECF No. 50. Plaintiff alleged that Defendant Federal Express Corporation ("Defendant") discriminated and retaliated against Plaintiff in violation of federal and state laws.

On August 29, 2024, Defendant filed a Motion for Summary Judgment as to All of Plaintiff's Claims ("MSJ"). ECF No. 105. On November 1, 2024, the district court issued an order granting the MSJ ("11/01/2024 Order"). ECF No. 122. That same day, the Clerk of Court entered judgment in favor of Defendant and against Plaintiff. ECF No. 123.

On December 19, 2024, Defendant filed a Motion for Attorney's Fees ("Motion"). ECF No. 128. Plaintiff did not oppose or otherwise respond to the Motion.

The Court elects to decide this matter without a hearing pursuant to Rule 54.2(g) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully considering the Motion, appliable law, and record in this case, the Court FINDS AND RECOMMENDS that the district court DENY the Motion.

## DISCUSSION

"In federal courts, attorneys' fees ordinarily are not recoverable by the prevailing party in an action except by contract or by statute." *In re Bertola*, 317 B.R. 95, 99 (B.A.P. 9th Cir. 2004) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975)). Thus, when seeking an award of attorneys' fees, the moving party must identify the particular contract or statute that entitles it to such an award. *See also* LR54.2(f) (requiring a party seeking fees to specifically state, among other things, "the applicable authority entitling the movant to the requested award").

Defendant does not assert that it is entitled to attorneys' fees pursuant to a contract. The Court finds that Defendant fails to indicate the statutory authority that would entitle it to an award of attorneys' fees. Defendant simply asserts that a

2

"district court may award attorney's to a prevailing defendant 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation [i.e., meritless].'"  ECF No. 128-1 at 10 (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978)) (citing *Zaman v. Kelly Servs., Inc.*, 2017 WL 2335601 (N.D. Cal. May 30, 2017)).  Neither of Plaintiff's cited cases for this assertion, *Zaman* or *Christianburg*, establishes that Defendant is entitled to an award of attorneys' fees.

*Zaman* concerned a defendant's request for attorneys' fees as to the plaintiff's discrimination claims under the Fair Employment and Housing Act ("FEHA").  *Zaman*, 2017 WL 2335601, at *2.  In this case, the district court liberally construed Plaintiff's Second Amended Complaint as asserting six claims, none of which was a FEHA claim.  ECF No. 122 at 7.  The Court thus finds that *Zaman* is inapplicable.

In *Christianburg*, the Supreme Court considered under what circumstances attorneys' fees should be awarded to a prevailing defendant in an action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").  *Christianburg*, 434 U.S. at 414.  *Christianburg* concerned Section 706(k) of Title VII, codified at 42 U.S.C. § 2000e-5, which grants district courts discretion to award attorneys' fees to the prevailing party.  *Christianburg*, 434 U.S. at 413–14 (quoting 42 U.S.C. § 2000e-5(k)).  The Supreme Court held that "a plaintiff should not be assessed his

3

opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422.

The Court acknowledges that, pursuant to *Christianburg*, a district court may award attorneys' fees to a prevailing defendant in a Title VII action under § 2000e-5(k) if the court finds that the plaintiff's claim was "frivolous, unreasonable, or groundless." *Id.* The Court also acknowledges that the district court construed the Second Amended Complaint as asserting one claim under Title VII. ECF No. 122 at 7.

The Court notes, however, that Defendant does not cite to § 2000e-5(k) as the basis for its request. In fact, Defendant does not cite to any statutes in the Motion. Defendant thus fails to answer the critical question to its request for attorneys' fees: what is the statutory basis? Recommending that the district court grant the Motion based on Defendant's citation to *Christianburg* without even a parenthetical explanation would require the Court to answer this question for Defendant. The Court declines to do so.

Moreover, although the district court reviewed the summary judgment record and found no facts or admissible evidence supporting Plaintiff's claims, and ultimately deemed the claims meritless, it did not find those claims frivolous, unreasonable, or groundless under the *Christianburg* standard. When lower courts

4

apply *Christianburg*, the Ninth Circuit mandates that they "assess the frivolousness at the time the complaint was filed, and . . . avoid *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 976 (9th Cir. 2011); *see also Christianburg*, 424 U.S. at 421–22 ("[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."). The Motion, which is expressly "[b]ased upon the Court's findings" and cites extensively to the district court's 11/01/2024 Order, ECF No. 128-1 at 7-9, 12-13, rests upon precisely the sort of *post hoc* rationale the Supreme Court and Ninth Circuit prohibit.

Lastly, in *Miller v. Los Angeles County Board of Education*, 827 F.2d 617 (9th Cir. 1987), the Ninth Circuit applied the *Christianburg* standard with particular strictness to pro se plaintiffs, finding that "pro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." *Id.* at 620 (citing *Hughes v. Rowe*, 449 U.S. 5, 15 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his

5

claims.")). The Motion falls well short of meeting that rigorous standard in this case.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY Defendant Federal Express Corporation's Motion for Attorney's Fees (ECF No. 128).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 13, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*Jeffries v. FedEx*, Civil No. 23-00358 DKW-KJM; Findings and Recommendation to Deny Defendant Federal Express Corporation's Motion for Attorney's Fees